**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RAUL CARRASCO ESPARZA,<br><br>        Defendant. | No. 1:15-CR-00319-JLT-SKO-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A)<br><br>(Doc. 271, 273) |

Raul Carrasco Esparza is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Docs. 271, 273.) Esparza argues that he "suffers from one or more underlying comorbidities, which make the defendant a vulnerable or an at-risk person for complications from COVID-19." (Doc. 271 at 1.) The Government opposes Esparza's motion, arguing that "§ 3582(c)(1)(A) contemplates sentence reduction for specific individuals—not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a viral pandemic which now is largely over." (Doc. 302 at 6-7.) Esparza did not file a reply. For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

Esparza pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846 on September 4, 2018. (Doc. 173 at 5.) The applicable offense level was 39 and Esparza's criminal history category was II. (*Id*. at 4.)

Based on this, the guidelines called for 292-365 months. (*Id*.) Velasco was sentenced to 292 months. (Doc. 186.)

Esparza is currently incarcerated at USP Lompoc and has a projected release date of July 17, 2035. (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 16, 2024).) On November 17, 2021, Esparza moved for compassionate release alleging that his comorbidities put him at increased risk should he contract COVID-19 pandemic. (Doc. 271 at 1.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, a defendant petitioning for compassionate release must exhaust administrative remedies. Once they do so, courts consider whether "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. New sentencing guidelines went into effect on November 1, 2023. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (Stating that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding" regarding the previous policy statement

issued in 2006). The amendments contain six types of circumstances that may qualify as "extraordinary and compelling." *Id*. These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. USSG §1B1.13, p.s. (last amended Nov. 1, 2023). If a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if these support a sentence reduction. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**ANALYSIS**

**A.  Administrative Exhaustion**

Esparza submitted his request for compassionate release to the warden on March 10, 2021. (Doc. 271 at 3.) The warden denied his request on April 14, 2021. (*Id*. at 2) Section 3582(c)(1)(A) of Title 18 on the United States Code permits an inmate to move for compassionate release after either exhausting their administrative remedies or 30 days after they submit their request to the Warden. Since Esparza's request has been denied, he has exhausted his administrative remedies and is permitted to file this motion. The Government agrees that Esparza has exhausted his administrative remedies. (Doc. 302 at 3.)

**B.  Extraordinary and Compelling Reasons**

Esparza argues that he qualifies for relief under 18 U.S.C. § 3582(c)(1)(A) because "the widespread COVID-19 outbreak at [] USP-Lompoc, in conjunction with the prison administration's inept handling of said viral outbreak not only risk injury to [his] health, up to and including death, but disallow for [him] to provide self-care." (Doc. 271 at 1.) Esparza further elaborates he suffers from "stage four kidney disease, diabetes, cholesterol, and high blood pressure."[1] (Doc. 273 at 1.) He does not allege, however, that his kidney disease, diabetes, cholesterol, and hypertension are untreated. Rather, the government argues Esparza's "medical records [show] that BOP is monitoring Esparza and adjusting medications and care as needed."

---

[1] The government asserts that Esparza also suffers from anemia, hyperlipidemia, hyperkalemia, and polyneuropathy. (Doc. 302 at 7.) Since Esparza does not raise these conditions as factors warranting his release, the Court will not address them.

3

(Doc. 302 at 7.) Mr. Esparza's medical records support this. (Docs. 299, 309) The records document the extensive medical treatment he has received and continues to receive. *Id*.

Diagnoses for chronic conditions that are treatable by the BOP do not establish extraordinary and compelling reasons that merit compassionate release, even in light of the COVID-19 pandemic. *See United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *United States v. George*, No. 1:17-CR-00030-JLT-SKO, 2022 WL 17812892 (E.D. Cal. Dec. 19, 2022) (finding that a diagnoses for hypertension and hyperlipidemia that were being monitored and treated did not establish extraordinary and compelling reasons during the COVID-19 pandemic); *United States v. Sakuma*, No. CR 12-00055 JMS, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021) ("[T]aking into account Defendant's [] risk factors [diabetes, high blood pressure, and high cholesterol], [] the court concludes that [Defendant] has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release" during the COVID-19 pandemic); *United States v. Posey*, No. CR18-280RSL, 2021 WL 4745523, at *6 (W.D. Wash. Oct. 12, 2021) (denying compassionate release to defendant who was suffering from hypertension and hyperlipidemia during COVID-19); *United States v. Aguilar-Cortez*, No. 2:95-CR-20 WBS, 2022 WL 118407, at *1 (E.D. Cal. Jan. 12, 2022) (denying compassionate release of defendant suffering from chronic conditions based in part on BOP's ability to treat his medical conditions); *United States v. Hossley*, No. CR 16-40-JWD-RLB, 2021 WL 4314582, at *1 (M.D. La. Sept. 22, 2021) (denying compassionate release to inmate suffering from stage four kidney disease, hypertensive nephrosclerosis, hypertension, and hyperkalemia during COVID-19 because the conditions did not create an extraordinary and compelling reason to support release).

Esparza further argues that "[t]he damage to [his] hearing creates a security risk because it diminishes [his] level of awareness" and states that he "ha[s] been trying to get [his] hearing aid for over three years with no success." (Doc. 273 at 1.) The government refutes this and states that "[m]edical records also show that Esparza has a hearing aid, and, on several occasional, BOP has sent the hearing aid out for repair." (Doc. 302 at 7.) Esparza's medical records reflect

that his hearing loss is being monitored, was previously evaluated, and that he was provided with two hearing aids and batteries for them. (Doc. 299 at 2, 9, 17, 28-29.) Since Esparza's hearing loss is being monitored and treated, it does not create extraordinary and compelling reasons warranting compassionate release. *See United States v. Mitchell*, No. 2:12-CR-00401-KJM-1, 2022 WL 17542500, at *3 (E.D. Cal. Dec. 8, 2022), *reconsideration denied*, No. 2:12-CR-00401-KJM-1, 2023 WL 3199173 (E.D. Cal. May 2, 2023) (denying compassionate release during COVID-19 to inmate suffering from shoulder pain, a hernia, hearing loss, hypertension, and asthma.)

The government also argues that "Esparza refused the COVID-19 vaccine while in BOP custody." (Doc. 302 at 8.; *see also*: Doc. 299 at 36.) This and other courts have "nearly uniformly denied" compassionate release where "an inmate cites the risk of contracting COVID-19 as a basis of relief but refuses to receive a vaccine." *United States v. McCarns*, No. 2:08-CR-00116-KJM-5, 2023 WL 5487428, at *3 (E.D. Cal. Aug. 24, 2023) (internal citations and quotations omitted.) "While defendant has the right to refuse medical treatment, his failure to receive the COVID-19 vaccine significantly undermines his argument that he is at serious risk of contracting a severe illness from COVID-19." *United States v. Richmond*, No. 1:14-CR-00171-NONE, 2021 WL 2337626, at *6 (E.D. Cal. June 8, 2021). Based on the foregoing, the Court finds that Esparza has not established that extraordinary and compelling reasons meriting his release exist.

**C.      Consistency with the § 3553(a) Factors**

Because the Court concludes that Esparza's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

///

///

///

**CONCLUSION**

For the reasons discussed above, Defendant Esparza's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Docs. 271, 273), is **DENIED**.

IT IS SO ORDERED.

Dated:     **January 18, 2024**

UNITED STATES DISTRICT JUDGE